■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENEDICT V., Appellant. — Appeal by defendant from a judgment of the County Court, Westchester County (White, J.), rendered November 10, 1980, which, upon his convictions of burglary in the third degree and criminal mischief in the second degree, upon a plea of guilty, adjudged him a youthful offender and imposed sentence. The appeal brings up for review the denial, after a hearing, of defendant's motion to suppress statements. Judgment reversed, on the law and the facts, motion granted, plea vacated and case remitted to the County Court for further proceedings consistent herewith. Defendant, 16 years of age and a high school student, was summoned during school hours to the office of the principal of the school. There, he was questioned by a detective concerning the crimes to which he ultimately entered a plea of guilty. The principal of the school, who was present in the office at the time, actively participated in the questioning, during which the defendant made a confession. The crimes about which defendant was questioned and to which he entered a plea of guilty involved burglary of the school and damage to certain property of the school. We are constrained to conclude that, under the circumstances, the nature of the principal's role as well as his conduct in the questioning influenced defendant to the extent that his confession was involuntarily made (see *Culombe v Connecticut,* 367 US 568, 602; CPL 60.45). It is obvious that the principal's duty with respect to the school and its property conflicted with his ability to act *in loco parentis* with respect to defendant because of the nature of the crimes charged. Notwithstanding available alternative action, the principal not only permitted questioning of defendant by the detective, but expressly assumed the role of parental protector and, in furtherance of that role, encouraged defendant to make a confession. Mollen, P. J., Hopkins, Titone, Weinstein and Bracken, JJ., concur.